## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**ELAINE D. HARPER,**

      **Plaintiff,**

**vs.**                     **Case Number 4:03cv347-RH/WCS**

**ALBERTO GONZALES,**
**et al.,**

      **Defendants.**

_____/

## O R D E R

Defendants have moved for summary judgment, doc. 43, and have filed a supporting memorandum of law with numerous exhibits, doc. 45, and a statement of undisputed material facts, doc. 44.  Defendants contend they are entitled to judgment as a matter of law because, *inter alia*, Plaintiff did not exhaust administrative remedies, elected to pursue a union grievance process over EEO remedies, and otherwise fails to state a claim.

Plaintiff has filed a document titled "Plaintiff's rule 56(f) statement and objection to allowance of United States motion for summary judgment without discovery."  Doc. 46.  On September 21, 2004, a scheduling order was entered setting a discovery deadline.  Doc. 21.  On November 12, 2004, the parties filed their Rule 26 joint report, doc. 24, and the report was adopted.  Doc. 25.  The deadline for conducting discovery

was set for March 1, 2005, the date proposed by the parties.  *Id.*, at 4.  The period of

discovery was adequate.  Consideration of a motion for summary judgment is now

appropriate.

Plaintiff contends that Defendants' summary judgment motion should be denied

"because the Government has not responded to the requests for discovery."  Doc. 46,

p. 2.  Plaintiff asserts that she served Defendants with a request to produce on February

25, 2004, and Defendants failed to respond or to object.  *Id.*  On February 26, 2004,

Plaintiff was ordered to file a second amended complaint.  Doc. 8.  Plaintiff's first

request for production, doc. 7, was then deemed to be premature and denied because

service of the complaint, which was yet to be amended, had not been ordered.  Doc. 9.

Discovery does not commence until the opposing party enters an appearance and the

parties comply with Rule 26 or the scheduling order.  After discovery commenced,

Plaintiff could have served those requests for production upon Defendant.

Plaintiff next asserts that after she filed her second motion to compel production

of documents, the undersigned issued an order on September 21, 2004, which "granted

Plaintiff's request for production of documents as a motion to conduct discovery" and

states that Defendants were "given thirty (30) days to produce the requested

documents."  *Id.*  This is only partially correct.  Plaintiff's second request for production

of documents, doc. 20, was "construed as a motion to conduct discovery" and granted.

Doc. 21, pp. 1, 11.  The relevant portion of the order provided:

> To the degree Plaintiff seeks leave to conduct discovery, the motion is granted.
> This order is not intended to address the sufficiency of Plaintiff's document
> request.  In the future, Plaintiff is advised that N.D. Fla. Loc. R. 26.2 directs that
> requests for production or inspection shall be served upon opposing counsel, but
> shall not be filed with the Court.

Doc. 21, p. 1.  The order was silent as to whether this second request for production, which had in fact been served upon Defendants' attorney, should have been deemed by Defendants as an active request for production from the date of the scheduling order.

Plaintiff further contends that in October, 2004, she "contacted Defendant Brady's office to inquire about the requested documents . . . ."  *Id.*  Plaintiff asserts that Defendant Brady told her that she would call Washington for guidance and call Plaintiff back concerning the status of the discovery request.[1]  *Id.*  Plaintiff then reports that she contacted opposing counsel in November, 2004, who said the documents would be produced for Plaintiff the following week.  *Id.*  Plaintiff contends that Defendants have delayed the discovery process, and refused "to file any reply, responsive pleading or request for enlargement of time, prior to expiration of the deadline imposed pursuant to the applicable discovery rules."  *Id.*, at 3.  Thus, it appears that Defendants treated document 20 as an active and valid request for production.

That said, the current objection to the lack of discovery comes too late.  The initial scheduling order stated: "Unless otherwise ordered by the Court, no motions to compel discovery may be filed after the close of discovery."  Doc. 21, p. 7.  Plaintiff did not obtain leave of court to file the instant motion which, by implication, must also be construed as a motion to compel.  This motion was filed nearly two months after the close of discovery.

More important, however, the documents sought in the request for production, doc. 20, are not relevant to the issues raised in the motion for summary judgment.  The motion for summary judgment is limited to grievance history, election of remedies, and

---

[1] Plaintiff should have contacted Defendant's counsel, not Defendant herself.

whether the complaint alleges claims upon which relief may be granted.  Grievance history and election of remedies are issues that depend upon a narrow range of facts, and the last issue is purely a question of law.  The documents sought have no bearing on these issues and are not needed by Plaintiff to oppose this motion.  Accordingly, construing Plaintiff's motion as a motion to compel, doc. 46, it is denied.

As an additional argument, Plaintiff asserts that, "No answer has been filed by any defendant in this case."  Doc. 46, p. 3.  That is wrong.  Defendants jointly filed an answer to Plaintiff's complaint on August 19, 2004.  Doc. 19.

Plaintiff has presented no basis upon which to refuse to consider Defendants' summary judgment motion.  Plaintiff's motion is denied in its entirety.

To the degree the remainder of Plaintiff's objection also presents argument in response to the summary judgment motion, it is insufficient.  Plaintiff is advised that this document, doc. 46, will not be considered in opposition to summary judgment.  As Plaintiff is proceeding *pro se* in this Title VII action, this order is entered to advise Plaintiff of her burden in opposing the summary judgment motion and the procedures which must be followed.

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  Defendants need only show "there is an absence of evidence to support the nonmoving party's case or by showing that the nonmoving party will be unable to prove its case at trial."  Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004); *see also* Celotex Corp. v.

Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).  However, in
opposition to summary judgment, a plaintiff must "present evidence from which a jury
might return a verdict in his favor."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257,
106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).  Put another way, Plaintiff has the burden
of coming forward with evidentiary material demonstrating a genuine issue of fact for
trial.  "An issue of fact is 'material' if, under the applicable substantive law, it might affect
the outcome of the case."  Hickson Corp. v. Northern Crossarm Co., Inc..357 F.3d
1256, 1259 (11th Cir. 2004).  Furthermore, a factual issue "is genuine 'if the evidence is
such that a reasonable jury could return a verdict for the nonmoving party.' "  Western
Group Nurseries, Inc. v. Ergas, 167 F.3d 1354, 1361 (11th Cir. 1999), citing Anderson,
477 U.S. at 248, 106 S.Ct. at 2510.  Thus, Plaintiff should be aware that "the mere
existence of some alleged factual dispute between the parties will not defeat" a
summary judgment motion; there must be a "genuine issue of material fact."  Anderson,
477 U.S. at 247-248, 106 S.Ct. at 2510.

Plaintiff may not rely upon the "mere allegation or denials" in the pleadings in
opposing summary judgment.  Anderson, 477 U.S. at 256, 105 106 S.Ct. at 2514.
Rather, to withstand Defendant's summary judgment motion, and because Plaintiff
bears the "ultimate burden of proof at trial," Plaintiff must "come forward with evidence
sufficient to withstand a directed verdict motion."  Hickson Corp., 357 F.3d at 1260.
Evidentiary material which would be acceptable in opposition to the motion includes
sworn affidavits, sworn documents, or other evidence indicating the existence of a
genuine issue of material fact.  Fed. R. Civ. P. 56(e).  Sworn affidavits offered in
opposition to the motion must be based on personal knowledge, set forth such facts as

would be admissible into evidence, and affirmatively show that the affiant is competent to testify to the matters stated therein.  Fed. R. Civ. P. 56(e).

As required by the local rules of this Court, N.D. Fla. Loc. R. Rule 56.1(A), Defendants submitted a statement of material facts as to which it is contended there is no genuine issue of fact.  Doc. 44.  In opposing summary judgment Plaintiff shall (in addition to submitting other materials permitted by the Federal Rules, discussed above) submit a separate statement of facts as to which Plaintiff contends there *is* a genuine issue of fact.  Rule 56.1(A).  The statement must reference the "source of the relied upon material fact, by page, paragraph, number, or other detail sufficient to permit the court to readily locate and check the source."  *Id.*  Facts set forth in the Defendant's statement will be deemed admitted unless controverted by Plaintiff's statement.  *Id.*

The Court will take the motion for summary judgment under advisement on **June 21, 2005**, and will enter a report and recommendation on or after that date.[2]  Plaintiff must file all argument and evidence in opposition to summary judgment, or seek additional time to do so, before that date.

Accordingly, it is

**ORDERED**:

1.  Defendants' motion for summary judgment, doc. 43, will be taken under advisement on **June 21, 2005**.  A report and recommendation will be entered on or after that date, and any additional material in support of, or in opposition to, summary judgment must be filed before that date.

---

[2] Any delay in entry of a report and recommendation after that date will be due to the volume of other pending cases ready for adjudication earlier than this case.

2.  Plaintiff's Rule 56 statement and objection, doc. 46, construed as a motion to compel and refuse to consider Defendants' summary judgment motion, is **DENIED**.

3.  The Clerk shall return this file to the undersigned upon Plaintiff's filing of her opposition to summary judgment, or no later than June 21, 2005.

**DONE AND ORDERED** on May 10, 2005.


<u>s/     William C. Sherrill, Jr.           </u>
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**