IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ELAINE D. HARPER,

    Plaintiff,

vs.        Case Number 4:03cv347-RH/WCS

ALBERTO GONZALES,
et al.,

    Defendants.

_____/

## O R D E R

Plaintiff, proceeding *pro se*, has filed a number of documents. A motion for an extension of time was filed on June 17, 2005, requesting an extra fourteen days in which to respond to Defendants' pending motion for summary judgment, doc. 43. Doc. 48. Alternatively, Plaintiff seeks the extra time until a ruling is made on her simultaneously filed motion for recusal, doc. 49.

Plaintiff's motion seeks my recusal and the recusal of Chief District Judge Hinkle. Doc. 49. The motion is supported by a memorandum of law, doc. 51, with several exhibits, doc. 45, and an affidavit. Doc. 50.

The "affidavit of bias and prejudice" states that Plaintiff conducted an "evaluation of the Honorable Hinkle and Sherrill's records in civil suits against the Department of Justice and has determined that their records clearly shows an extreme PREJUDICE against African-American pro-se litigants."  Doc. 50.  The specifics of such bias is not alleged.

Plaintiff also states that I said in an order "that, 'Since Plaintiff is such a decorated Veteran, she should be able to find a way to pay for service.' "  Doc. 51, p. 2.  The passage in that order states: "Plaintiff paid the filing fee when this case was initiated.  Plaintiff has described herself in the complaint as a 'highly decorated' veteran, she is articulate and, from these proceedings thus far, appears fully able to serve process."  Doc. 17, p. 2.

Plaintiff asserts there must have been "ex parte communication" when I denied a request for production filed by Plaintiff.  Doc. 51, p. 3.  The request was denied on relevancy grounds, grounds which were obvious from the kinds of documents sought, not because any of the documents were reviewed.  *See* doc. 47, pp. 3-4.

The grounds for recusal alleged are connected to my rulings in this case and in other cases.  A judge's rulings are not valid grounds for recusal.  Berger v. United States, 255 U.S. 22, 31, 41 S. Ct. 230, 232, 65 L. Ed. 481 (1921); *see also* U.S. v. Berger, 375 F.3d 1223, 1228 (11th Cir. 2004) (noting that adverse court rulings are "insufficient to form a basis for recusal.").  Recusal is only required when an alleged bias is personal in nature.  Berger, 375 F.3d at 1227-28; Phillips v. Joint Legislative Comm., 637 F.2d 1014, 1020 (5th Cir. 1981), *cert. denied*, 456 U.S. 960 (1982).  There are no contentions of a personal bias stemming "from an extra-judicial source."  United States

v. Bailey, 175 F.3d 966, 968 (11th Cir. 1999).  Since none of the circumstances of § 455(b) are applicable in this case, Plaintiff's motion will be denied.

Plaintiff shall be afforded an extra period of time in which to file her opposition to summary judgment in accordance with Rule 56 as previously explained to Plaintiff.  Plaintiff shall have until **July 15, 2005**, in which to file her response.

Accordingly, it is **ORDERED:**

1.  Plaintiff's motion for an enlargement of time, doc. 48, is **GRANTED**.

2.  Plaintiff shall filed her opposition to Defendants' summary judgment motion no later than **July 15, 2005**.

3.  Plaintiff's motion that I recuse myself, doc. 49, is **DENIED**.

4.  The Clerk is directed to refer this motion, do. 49, for recusal to Chief Judge Hinkle for his ruling as to the part that pertains to him

5.  The Clerk of Court shall return this file to the undersigned upon Plaintiff's filing of her opposition to Defendants' summary judgment motion, or no later than **July 15, 2005**.

**DONE AND ORDERED** on June 28, 2005.

        s/    William C. Sherrill, Jr.
        **WILLIAM C. SHERRILL, JR.**
        **UNITED STATES MAGISTRATE JUDGE**