IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


ELAINE D. HARPER,

    Plaintiff,

vs.                                          Case No. 4:03cv347-RH/WCS

ALBERTO GONZALES, et al.,

    Defendants.

_____/


## SECOND REPORT AND RECOMMENDATION

    This is a Title VII case initiated in October of 2003. Doc. 10 (second amended complaint). Discovery has ended. Docs. 21, 24, 25 (scheduling order, joint report, order adopting, setting the end of discovery for March 1, 2005).

    Defendants Alberto Gonzales, Joy Brady, Schelia A. Clark, and Ellen Waters, filed a motion for summary judgment or, alternatively, a motion to dismiss. Doc. 43. The motion is supported by a separate statement of facts, doc. 44, and a memorandum of law with numerous exhibits, doc. 45, and, thus, has been construed as a motion for summary judgment, doc. 47. Plaintiff, who is *pro se*, was advised of her obligation to respond to the motion in accordance with Rule 56, doc. 47, and after being given more

time in which to respond, docs. 48 and 52, she has filed a response in opposition to summary judgment, doc. 57, and a statement of disputed material facts, doc. 58.

## I. Legal standards governing a motion for summary judgment

On a motion for summary judgment Defendants initially have the burden to demonstrate an absence of evidence to support the nonmoving party's case. Celotex Corporation v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2553-54, 91 L. Ed. 2d 265 (1986). If they do so, the burden shifts to Plaintiff to come forward with evidentiary material demonstrating a genuine issue of material fact for trial. *Id.* An issue of fact is "material" if it could affect the outcome of the case. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259 (11th Cir. 2004)(citations omitted). Plaintiff must show more than the existence of a "metaphysical doubt" regarding the material facts, Matsushita Electric Industrial Co., LTD. v. Zenith Radio Corporation, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), and a "scintilla" of evidence is insufficient. The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Hickson Corp., 357 F.3d at 1260, *quoting* Anderson v. Liberty Lobby, 477 U.S. 242, 252, 106 S. Ct. 2505, 2505, 91 L. Ed. 2d 202 (1986). All reasonable inferences must be resolved in the light most favorable to the nonmoving party. Watkins v. Ford Motor Co., 190 F.3d 1213, 1216 (11th Cir. 1999).

"Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997), *cert. denied* 522 U.S. 1126 (1998), *quoting*

Celotex, 477 U.S. at 324, 106 S. Ct. at 2553 (quoting Fed. R. Civ. P. 56(c), (e)).  The nonmoving party need not produce evidence in a form that would be admissible as Rule 56(e) permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c).  Owen v. Wille, 117 F.3d at 1236; Celotex, 477 U.S. at 324, 106 S. Ct. at 2553.

Additionally, Local Rule 56.1(A) provides that a motion for summary judgment "shall be accompanied by a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried.  Failure to submit such a statement constitutes grounds for denial of the motion."  The Local Rule also provides that the statement "shall reference the appropriate deposition, affidavit, interrogatory, admission, or other source of the relied upon material fact, by page, paragraph, number, or other detail sufficient to permit the court to readily locate and check the source."  The Local Rule provides that the party opposing the motion shall serve a similar statement of material facts as to which the party contends there is a genuine issue to be tried, using the same format.  Finally, the Local Rule provides that the movant's properly filed statement of undisputed facts will be deemed to be admitted unless controverted by the opposing party in the manner specified by the Rule.  *See* Jones v. Gerwens, 874 F.2d 1534, 1537 n.3 (11th Cir. 1989) (determining that plaintiff's failure to controvert defendants' statement of undisputed facts filed in compliance with a similar local rule of the Southern District of Florida constituted an admission that such facts were not disputed for summary judgment purposes.)

## II. Complaint

Plaintiff alleges that Defendants discriminated against her on the basis of her race and sex in violation of Title VII. Doc. 10. Plaintiff also claims that Defendants denied her rights to which she was entitled under the Uniformed Services Employment and Reemployment Rights Act and the Veterans Employment Opportunities Act of 1998. *Id.*

In particular, Plaintiff alleges that on or about April 27, 2000, she was not allowed to compete under the Veterans Reemployment Act for the position of Inventory Management Specialist, and was deceived into believing that applications under the Act were not being considered. *Id.* A white male, Wes Wynn, was given the position under the Act. *Id.* Plaintiff contends that despite being the most qualified, she was not promoted to this position. *Id.* Plaintiff essentially alleges a discriminatory conspiracy by Defendants Waters, Brady, and Clark to deny her the position as Inventory Management Specialist. *Id.*

## III. The relevant Rule 56(e) evidence

It is undisputed that Plaintiff served in the United States military and is a veteran as defined by the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4303, *et seq.* Doc. 44, p. 2.[1] Plaintiff is an African American woman, and was employed at the Federal Correctional Institution (hereinafter "FCI") in Tallahassee, Florida, from October of 1995 until August 19, 2002, when she resigned. *See* doc. 46, ex. 0-3.

---

[1] Plaintiff's statement of disputed facts asserts that Plaintiff "is a 20 year Army Veteran who served in Desert Storm . . . ." Doc. 58, p. 3.

Plaintiff applied for the position of Inventory Management Specialist at FCI and turned in paperwork for the position on or about April 28, 2000.  Doc. 46, ex. 0-3.  A copy of the position application was signed by Plaintiff and dated April 27, 2000.  Doc. 46, ex. 0-5.  Another document submitted by Plaintiff, an Applicant Notification Form, also indicates an April 27th date.  Doc. 46, ex. 0-7.  It is assumed that the application was turned in the next day.

Plaintiff was not promoted to the position.  Instead, Wes Wynn, a white male who was also a veteran, was given the position.  Doc. 44, p. 2; doc. 46, ex. 0-7.  A copy of a grievance Plaintiff submitted to the Union indicates the "violation" was "on or about June 21, 2000."  Doc. 46, ex. 0-1.  Defendant cites this same grievance and states that this was the date that the promotion (of Wynn) to the IMF position occurred.  Doc. 44, ¶ 3.

Plaintiff alleges that Mr. Wynn "spent three years in the United States Army without participating in any armed conflict, which is a requirement for Veterans to apply for the Veterans Reemployment Act (VRA)."  Doc. 58, p. 3.  *Id.*  However, Plaintiff did not submit any evidence on that point, and neither did Defendant.

Plaintiff was a member of the employees' union at FCI.  Doc. 44, p. 2.  Plaintiff contacted her union representative, Irene Compton, President of the Union, who filed a complaint asserting that the "promotion board held to select for the position of Inventory Management Specialist was not held in accordance with Master Agreement, 5 U.S.C. and all other applicable laws, rules and regulations."  Doc. 45, ex. 0-1.  The union complaint did not specifically allege any discrimination based upon race or sex, nor did it identify Plaintiff or raise specific allegations about Plaintiff not being promoted to the IMS position.  Doc. 45, ex. 1.  It is unknown when this complaint was submitted as it is

undated, but it has a regional director date stamp of July 17, 2000. *Id.* The complaint was submitted to Bob Matthews, Director, SER. *Id.*

A year later, on July 18, 2001, Plaintiff contacted an EEO counselor to complain of race and color discrimination, reprisal, and issues relating to parental rights and taking leave to care for her child. Doc. 45, ex. 2 (Chronology of EEO Counseling). On that same date, an initial interview was conducted. *Id.* The "Chronology of EEO Counseling" form indicates that the allegedly discriminatory actions took place on June 19, 2001. *Id.* This is because the allegations reported in this document concern events in the weeks immediately preceding July 18, 2001. *Id.* The Counseling report states that Plaintiff's claims concerned her treatment in the position of Employee Development Specialist, not the Inventory Management Specialist job. However, among the allegations reported is a complaint about the promotion of the white male to the property specialist position. *Id.* Plaintiff asserts that "they decided that the white male could not use his military papers because he had not been in a fighting zone like Desert Storm, etc. This did not prevent him from being selected (property)." *Id.* This refers to the promotion which occurred a year earlier, on June 21, 2000. The EEO Counselor's report states that Plaintiff was issued a notice of her "Right to File" on August 18, 2001. Doc. 45, ex. 2.

On October 18, 2001, Plaintiff submitted a complaint to the Federal Bureau of Prisons alleging discrimination based on race, sex, age, reprisal, and parental status. Doc. 45, ex. 3; *see also* ex. 5. The final decision by the Department of Justice is dated January 8, 2003. Doc. 45, exhibits 4, 5. That final decision advised Plaintiff that she could appeal the Department of Justice final decision to the EEOC within 30 days from

the date she received the final decision.  *Id.*, exhibit 5.  She was advised that she alternatively had a right to file a civil action in District Court within 90 days of receipt of the final decision.  *Id.*  Plaintiff was further advised that she could "go to federal court" even if she also filed an appeal to the EEOC.  *Id.*

At some time before May 9, 2002, Plaintiff filed a complaint with the Office of Special Counsel of the Bureau of Prisons.  Doc. 45, ex. 6.  A letter dated May 9, 2002, was sent to Plaintiff advising of her file number for the complaint and also informing Plaintiff that the Office of Special Counsel had no authorization to address Plaintiff's allegations of violations under the Veterans Employment Opportunities Act, and advising that such a complaint was to be filed with the Department of Labor  *Id.*  Finally, Plaintiff was advised that the Office of Special Counsel could not consider her Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) complaint until after Plaintiff filed a complaint with the Veterans' Employment and Training Service of the Department of Labor.  *Id.*

On June 5, 2002, Plaintiff submitted a letter to the Department of Labor's Veterans Employment alleging violations of the Veterans Employment Opportunities Act.  Doc. 45, ex. 7.  The letter specifically cites discrimination when Plaintiff applied for the promotion to the Inventory Management Specialist position at FCI.

Additional evidence presented by Plaintiff is an affidavit from Lieutenant Carolyn Walkerfountaine.  Doc. 46, ex. 0-8.[2]  This affidavit states that it was "common

---

[2] It is noted that although Plaintiff did not specifically file exhibits as evidence in opposition to summary judgment, Plaintiff did file several exhibits as an attachment to her "Rule 56(f) statement and objection to allowance of United States motion for summary judgment without discovery."  Doc. 46.  These documents have been considered as evidence relevant to summary judgment.

knowledge among staff that Paul Klynan did not want to hire a female staff for the position of Inventory Management." *Id.* Ms. Walkerfountaine further avers that the "position was vacated by a male staff that promoted out [sic] and is currently filled by a white male." *Id.*

## IV. Analysis

### Individual Defendants

Plaintiff named three federal officers as Defendants in this case. The proper Defendant in a Title VII case concerning employment by the federal government is the head of the agency or department; individual persons should not be named as Defendants.[3] Alberto Gonzales, Attorney General of the United States, is the head of the Federal Bureau of Prisons, an agency within the United States Department of Justice. Doc. 45, p. 6. Therefore, the complaint should be dismissed as to Defendants Brady, Clark, and Waters. This case should proceed solely against Defendant Gonzales in his official capacity only.

### Exhaustion

Title VII of the Civil Rights Act which prohibits several types of employment discrimination by, *inter alia*, Federal agencies and their employees. 42 U.S.C. § 2000e. Before bringing suit, a federal employee "must exhaust her administrative remedies." Crawford v. Babbitt, 148 F.3d 1318 (11th Cir. 1998), *vac. on other grounds*, 527 U.S. 1018 (1999), citing Brown v. General Servs. Admin., 425 U.S. 820, 832-33, 96 S.Ct.

---

[3] In pertinent part, the statute states that an aggrieved employee "may file a civil action as provided in section 2000e-5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C. § 2000e-16(c).

1961, 1967-68, 48 L.Ed.2d 402 (1976). The administrative remedies are clearly outlined in Crawford v. Babbitt:

> A federal employee who believes she has been discriminated against in violation of Title VII must first consult an EEO counselor within the employing agency to try to resolve the matter informally. See 29 C.F.R. § 1614.105(a). If that is unsuccessful, the EEO counselor notifies the employee of her right to file a formal administrative complaint with the employing agency itself. See 29 C.F.R. § 1614.105(d). Upon receiving the complaint, the employing agency conducts an investigation in order to "develop a complete and impartial factual record upon which to make findings on the matters raised by the . . . complaint." 29 C.F.R. § 1614.108(b). After completing the investigation, the agency gives the complaining employee a copy of the investigative file. At this point, the agency can make the employee an offer of "full relief.". . .
>
> Alternatively, if the employing agency opts not to make an offer of "full relief" at the conclusion of its investigation, it must notify the employee that she has a right to either (1) request a hearing on her claim before an EEOC administrative judge, or (2) receive a final decision on the claim from the employing agency. See 29 C.F.R. § 1614.108(f).
>
> . . . [I]f the employee elects option two, she does not receive a hearing before an EEOC administrative judge, and the agency must issue a "final decision" within sixty days. See 29 C.F.R. § 1614.110.
>
> Should the employee be dissatisfied with any aspect of the agency's final decision, she may appeal it to the EEOC or file a civil action in federal district court.

148 F.3d at 1321-22.

The regulations issued by the EEOC pursuant to its authority under 42 U.S.C. § 2000e, outline the steps a federal employee must take to seek redress for complaints of employment discrimination under Title VII (discrimination on the basis of race, color, religion, sex, and national origin). 29 C.F.R. § 1614.103(a). Those regulations provide a 45-day time limit for initiating the administrative process as set forth in 29 C.F.R. § 1614.105, Pre-complaint processing:

> (a) Aggrieved persons who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age or handicap must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter.
>
> (1) *An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action.*

29 C.F.R. § 1614.105 (emphasis added).

If there is no appeal from the final decision of the federal agency, the employee has 90 days from receipt of the agency's final decision in which to file suit in federal court. 42 U.S.C. § 2000e-16(c); Belhomme v. Widnall, 127 F.3d 1214, 1215 (10th Cir. 1997), *cert. denied*, 523 U.S. 1100 (1998); Holley v. Department of Veteran Affairs, 65 F.3d 244, 246 (3d Cir. 1999). *Cf.* Santini v. Cleveland Clinic Florida, 232 F.3d 823, 825 (11th Cir. 2000) ("Title VII and ADEA actions may not be brought more than 90 days after a complainant has adequate notice that the EEOC has dismissed the Charge."). A suit filed after 90 days is time-barred. *Id.*

The undisputed evidence here is that only one EEO counseling took place, in July of 2001. Plaintiff's claims concerning the position of Inventory Management Specialist arose when that position was filled on June 19, 2000. The 2001 EEO counseling came long after the 45-day period permitted had expired. It does not appear that the Department of Justice considered the merits of any of Plaintiff's claims concerning the Inventory Management Specialist position. The final decision only discusses Plaintiff's 2001 claims of an alleged hostile work environment related to her work as an Employee Development Specialist. Doc. 45, exhibit 5. Thus, Plaintiff's claims of discrimination concerning the Inventory Management Specialist job were not

timely presented in the administrative process by contacting an EEO counselor within 45 days, and were not considered.

Consequently, Plaintiff did not exhaust her administrative remedies as to the claims she brings to this court. Failing to timely initiate an administrative discrimination complaint requires dismissal of the case for failure to state a claim upon which relief may be granted or awarding summary judgment to the defendant employer. Manning v. Carlin, 786 F.2d 1108, 1109 (11th Cir. 1986)(affirming summary judgment where employee failed to exhaust administrative remedies), *cited in* Howell v. Department of the Army, 975 F.Supp. 1293, 1300 (M.D. Ala. 1997), *aff'd* 130 F.3d 445 (11th Cir. 1997)(table).

Dismissal of the complaint is required for another reason as well. There is no evidence that Plaintiff ever pursued her remedies with the Equal Employment Opportunity Commission. Thus, she had 90 days from receipt of the final decision of the Department of Justice in which to file a complaint in this court. The decision was dated January 8, 2003. When a period of limitation is calculated from "receipt" of a written final decision, federal courts frequently presume, in the absence of evidence, that the decision is received three to seven days after it has been mailed. Lozano v. Ashcroft, 258 F.3d 1160, 1164 (10th Cir. 2001) (collecting cases); Stallworth v. Wells Fargo Armored Services Corp., 936 F.2d 522, 524 (11th Cir. 1991) ("The court has adopted a case-by-case approach in determining what constitutes receipt and when the time is triggered."). Plaintiff did not file suit in this court until October 29, 2003, long after the 90 days expired. The complaint, therefore, is time-barred, and judgment should be entered in favor of Defendant.

Case No. 4:03cv347-RH/WCS

**Uniformed Services Employment and Reemployment Rights Act claim**

Plaintiff also alleged a violation of her rights and benefits under the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301, *et. seq.* The purpose of this Act is to "prohibit discrimination against persons because of their service in the uniformed services." 38 U.S.C. § 4301(a)(3). Further, the Act reflects Congressional intent "that the Federal Government should be a model employer in carrying out the provisions of this chapter." 38 U.S.C. § 4301(b).

If a person claims that rights provided under this Act are violated, the person may file a complaint with the Secretary of Labor. 38 U.S.C. § 4322(a); 38 U.S.C. § 4303(11). "Such complaint shall be in writing, be in such form as the Secretary may prescribe, include the name and address of the employer against whom the complaint is filed, and contain a summary of the allegations that form the basis for the complaint." 38 U.S.C. § 4322(b). If, after an investigation by the Secretary, the matter is not resolved, "the Secretary shall notify the person who submitted the complaint of–

(1) the results of the Secretary's investigation; and

(2) the complainant's entitlement to proceed under the enforcement of rights provisions provided under section 4323 (in the case of a person submitting a complaint against a State or private employer) or section 4324 (in the case of a person submitting a complaint against a Federal executive agency or the Office of Personnel Management)."

38 U.S.C. § 4322(e). Because Plaintiff was employed by a federal agency, the enforcement provisions of § 4324 are applicable.

Section 4324 specifies the procedures to be followed to enforce rights of federal employees. 38 U.S.C. § 4324. These procedures require that if a person is given the § 4322(e) notification, he or she "may request that the Secretary refer the complaint for

litigation before the Merit Systems Protection Board." 38 U.S.C. § 4324(a)(1).[4] The Merit Systems Protection Board shall adjudicate the complaint. 38 U.S.C. § 4324(c). If the employee is aggrieved "by a final order or decision of the Merit Systems Protection Board," he or she "may petition the United States Court of Appeals for the Federal Circuit to review the final order or decision." 38 U.S.C. § 4324(d)(1). Thus, even assuming Plaintiff complied with these requirements, and there is no evidence that this is so, this Court does not have jurisdiction to consider Plaintiff's claims.

> Section 4324 of USERRA applies where the employer is a "Federal executive agency" (a phrase defined at 38 U.S.C. § 4303(5) to exclude the FBI and other intelligence community agencies mentioned in 5 U.S.C. § 2302(a)(2)(c)(ii)). Section 4324 does not authorize a private USERRA action against the Federal Government, as an employer, in federal district court; rather, it confers jurisdiction upon the Merit Systems Protection Board ("MSPB"). *See* 38 U.S.C. § 4324(b); *see also* Yates v. MSPB, 145 F.3d 1480, 1483 (Fed.Cir.1998). The MSPB is authorized to determine whether a Federal executive agency has complied with USERRA and, if necessary, to compel that agency's compliance with the statute. *See* 38 U.S.C. § 4324(c)(2) (Supp.1999). Decisions of the MSPB are subject to review in the Court of Appeals for the Federal Circuit. *See* 38 U.S.C. § 4324(d).

Dew v. United States, 192 F.3d 366, 372 (2d Cir. 1998), *aff'd* 192 F.3d 366 (2d Cir. 1999), *cert. denied* 529 u.S. 1053 (2000), *citing* 38 U.S.C. § 4324(d). Therefore, because the statute specifically grants jurisdiction to review these claims only in the Federal Circuit, this Court does not have jurisdiction to review this claim. Judgment should be entered in favor of Defendant on this claim as well.

### Veterans Employment Opportunities Act claim

---

[4] The Secretary then refers "the complaint to the Office of Special Counsel" who may represent the employee if satisfied that he or she is entitled to the rights or benefits sought." 38 U.S.C. § 4324(1)(2)(A). If the Special Counsel declines to initiate an action before the merit Systems Protection Board, the employee may do so directly on his or her own behalf. 38 U.S.C. § 4324(a)(2)(B); § 4324(b).

The Veterans Employment Opportunities Act of 1998, 5 U.S.C. § 3330a, *et. seq.*, establishes that "[a] preference eligible who alleges that an agency has violated such individual's rights under any statute or regulation relating to veterans' preference may file a complaint with the Secretary of Labor." 5 U.S.C. § 3330a(a)(1)(A). The complaint must be in writing, in such "form as the Secretary may prescribe," and "must be filed within 60 days after the date of the alleged violation. 5 U.S.C. § 3330a(a)(2)(A),(B). After an investigation by the Secretary of Labor, if the matter is not resolved, "the complainant may elect to appeal the alleged violation to the Merit Systems Protection Board in accordance with such procedures as the Merit Systems Protection Board shall prescribe . . . ." 5 U.S.C. § 3330a(d)(1). There is no evidence that Plaintiff took this matter before the MSPB, much less that Plaintiff presented a claim to the Secretary of Labor within 60 days.

Additionally, Plaintiff could only file in this District Court by discontinuing the administrative redress procedures after "the 121st day" the appeal was pending with the Merit Systems Protection Board. 5 U.S.C. § 3330b. In other words, Plaintiff had to have pursued administrative remedies with the Merit Systems Protection Board first, and then notify the Board that she was electing to discontinue that process "in such form and manner as the Merit Systems Protection Board shall by regulation prescribe." 5 U.S.C. § 3330b(c).

Moreover, this Act specifically states that "[a] preference eligible may not pursue redress for an alleged violation described in subsection (a) under this section at the same time the preference eligible pursues redress for such violation under any other

law, rule, or regulation." 5 U.S.C. § 3330a(e)(2). Thus, this action is precluded by virtue of Plaintiff's pursuit of her claims through Title VII.

## V. RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to dismiss, or in the alternative, motion for summary judgment,[5] doc. 43, be **GRANTED**, and that Plaintiff's amended complaint, doc.10 , be **DISMISSED** for lack of subject matter jurisdiction and for failure to timely exhaust administrative remedies.

**IN CHAMBERS** at Tallahassee, Florida, on August 4, 2005.

s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[5] While necessary to construe the motion as one for summary judgment so that the exhibits could be considered, it is apparent that the motion to dismiss should be granted.